**22-11128**

# United States Court of Appeals

*for the*

# Eleventh Circuit

———◆———

CAROLYN NOLEN, on behalf of herself and all others similarly situated,
WINDY KELLEY, on behalf of herself and all others similarly situated, CARA
KELLEY, on behalf of herself and all others similarly situated, PAULA LITTON,
on behalf of herself and all others similarly situated,

*Plaintiffs/Appellants,*

— v. —

WYNDHAM VACATION RESORTS, INC., FAIRSHARE VACATION
OWNERS ASSOCIATION, RCI LLC,

*Defendants/Appellees.*

———————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO: 6:20-cv-00330-PGB-EJK
(Hon. Paul G. Byron)

# REPLY BRIEF OF APPELLANTS

JAMES M. TERRELL
RODNEY E. MILLER
METHVIN TERRELL YANCEY
STEPHENS & MILLER, PC
2201 Arlington Avenue S.
Birmingham, Alabama 35205
(205) 939-0199

BRADFORD D. BARRON
THE BARRON LAW FIRM, PLLC
P.O. Box 369
Claremore, Oklahoma 74017
(918) 341-8402

JOHN YANCHUNIS
PATRICK A. BARTHLE, II
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 6th Floor
Tampa, Florida 33602
(813) 223-5505

*Counsel for Appellants*



Carolyn Nolen, et al v. Wyndham Vacation Resorts, Inc., et al., 22-11128

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Cir. R. 26.1-2(c), Appellants Carolyn Nolen, Windy Kelley, Cara Kelley, and Paula Litton respectfully submit the following Certificate of Interested Persons:

1.    Allen, D. Matthew (Counsel for Appellee)

2.    Barron, Bradford D.  (Counsel for Appellants)

3.    Barthle, Patrick A.  (Counsel for Appellants)

4.    Barron Law Firm, PLLC,  (Counsel for Appellants)

5.    Byron, Honorable Paul G. (United States District Judge for the Middle District of Florida)

6.    Carlton Fields, P.A. (Counsel for Appellee)

7.    Coutroulis, Chris S. (Counsel for Appellee)

8.    Fairshare Vacation Owners Association (Appellee)

9.    Fairshare Vacation Plan Use Management Trust (Fairshare Vacation Owners Association is the Trustee of the Fairshare Vacation Plan Use Management Trust)

10.    Foell, Nathaniel G. (Counsel for Appellee)

11.    Kelley, Cara (Appellant)

12.    Kelley, Windy (Appellant)

13.    Lang, Jr., Joseph H. (Counsel for Appellee)

14.    Litton, Paula (Appellant)

C-1

Carolyn Nolen, et al v. Wyndham Vacation Resorts, Inc., et al., 22-11128

15.    McCoy, Kevin P. (Counsel for Appellee)

16.    Methvin, Terrell, Yancey, Stephens & Miller, P.C. (Counsel for Appellants)

17.    Miller, Rodney E. (Counsel for Appellants)

18.    Morgan & Morgan Complex Litigation Group (Counsel for Appellants)

19.    Nolen, Carolyn (Appellant)

20.    Terrell, James M. (Counsel for Appellants)

21.    Vanguard Group, Inc., The (10% or more owner of Wyndham Destinations, Inc.)

22.    Wyndham Destinations, Inc. (Parent of Wyndham Vacation Resorts, Inc. and publicly traded on the New York Stock Exchange under stock symbol WYND)

23.    Wyndham Destination Network, LLC (Subsidiary of Wyndham Destinations, Inc.)

24.    Wyndham Vacation Ownership, Inc. (Parent of Wyndham Vacation Resorts, Inc. and subsidiary of Wyndham Destinations, Inc.)

25.    Wyndham Vacation Resorts, Inc. (Wyndham Vacation Resorts, Inc. is the Plan Manager of the Fairshare Vacation Plan Use Management Trust)

26.    Yanchunis, John A. (Counsel for Appellants)

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ...................................................................C-1

TABLE OF CITATIONS ......................................................................... iii

ARGUMENT .............................................................................................1

I.    THE DISTRICT COURT ERRED IN DISMISSING
COUNTS 2- 5 OF APPELLANTS' AMENDED
COMPLAINT ...................................................................................1

    A.    The District Court Erred in Concluding that Ark. Code
Ann. § 28-73-802(c) Required Appellants to Plead the
Elements of Ark. Code Ann. § 28-73-802(b) in Order
to State a Claim ................................................... ……1

        1.    The district court misinterpreted Ark. Code Ann.
§ 28-73-802 .........................................................1

        2.    The Arkansas Trust Code does not allow the
Settlor's intent or the terms of the Trust to
override Fairshare's duty to act fairly and in the
interests of the beneficiaries .............................2

        3.    The district court's interpretation of § 802(b) is
contrary to established law ................................4

        4.    An alternative ground for affirming dismissal of
Counts 2-4 does not exist .................................5

        5.    Count 5 of the Amended Complaint was
improperly dismissed .......................................6

II.    THE DISTRICT COURT ERRED IN *SUA SPONTE*
STRIKING THE SECOND AMENDED COMPLAINT ....................7

    A.    The District Court's Striking Order Constitutes an
Abuse of Discretion ..................................................7

    B.    The District Court Erred in Striking Count 5 of the
SAC ..........................................................................11

i

III.    THE DISTRICT COURT ERRED IN REFUSING TO
        CONSIDER EVIDENCE PERTINENT TO PENDING
        CLAIMS. ............................................................................................ 12

CONCLUSION ........................................................................................... 21

# TABLE OF CITATIONS

## CASES

*Access Now Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004)..........16

*Am. United Life Ins. Co. v. Martinez,* 480 F.3d 1043 (11th Cir. 2007)...................11

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)................................................................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)...............................................6

*Betty K Agencies v. M/V Monada,* 432 F.3d 1333 (11th Cir. 2005)............... 8, 9, 11

*Buckman v. Morris*, 736 F. App'x. 852, 853 (11th Cir. 2018) ................................15

*Effs v. City of Miami,* 2021 WL 6116643 (11th Cir. 2021) ......................................8

*Francies v. Brandon,* 287 F. App'x. 69 (11th Cir. 2008)..........................................8

*Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312 (11th Cir. 2004)...................20

*Hardy v. Hardy*, 263 S.W.2d 690, 694 (Ark. 1954) ...............................................17

*Hosch v. Wachovia Bank, NA* 815 F. App'x. 352 (11th Cir. 2020).........................8

*Ivory v. Warden, Governor of Alabama*, 600 F. App'x. 670, 677 (11th Cir. 2015) .......................................................................................................................15

*Jackson v. JPay, Inc.*, 851 F. Appx 171, 172 (11th Cir. 2021) ................................6

*McKelvey v. AT & T Technologies, Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986)......8

*Mingo v. Sugar Cane Growers Co-Op of Florida,* 864 F.2d 101 (11th Cir. 1989) ............................................................................................................ 8, 9, 11

*Roenne v. Miller*, 475 P.2d 708 (Kan. Ct. App. 2020) .............................................4

iii

*Smith v. School Bd. of Orange Cty.,* 487 F.3d 1361 (11th Cir. 2007) .............. 10, 11

*Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012).......... 15, 18

*Szanto v. Bistritz,* 743 F. App'x. 940, 942 (11th Cir. 2018) ...............................7, 11

*Tippens v. Celotex Corp.*, 805 F.2d 949, 952 (11th Cir. 1986) ...............................15

*Watkins v. Capital City Bank*, 711 F. App'x. 591, 592 (11th Cir. 2018) ...............15

*Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313 (11th Cir. 2015).......11

*World Thrust Films v. Int'l Family Entertainment, Inc.,* 41 F.3d 1454, 1456 (11th Cir. 1995)...................................................................................................8

## Statutes & Other Authorities:

Ark. Code Ann. § 28-73-105(b)(2) ........................................................3, 4

Ark. Code Ann. § 28-73-105(b)(3) ........................................................3, 4

Ark. Code Ann. § 28-73-802 .............................................................1, 11

Ark. Code Ann. § 28-73-802(b)...................................................... *passim*

Ark. Code Ann. § 28-73-802(b)(1) ...........................................................4

Ark. Code Ann. § 28-73-802(b)(1)–(5) .....................................................1

Ark. Code Ann. § 28-73-802(b)(4) ...........................................................4

Ark. Code Ann. § 28-73-802(c) ....................................................... 1, 2, 5

Ark. Code Ann. § 28-73-804 ..................................................................17

Ark. Code Ann. § 28-73-814(a) ............................................................3, 4

Ark. Code Ann. § 28-73-1003 ..................................................................6

Fed. R. Civ. P. 56(c)..............................................................................15

iv

## ARGUMENT

## I.    THE DISTRICT COURT ERRED IN DISMISSING COUNTS 2-5 OF APPELLANTS' AMENDED COMPLAINT.

### A.    The District Court Erred in Concluding that Ark. Code Ann. § 28-73-802(c) Required Appellants to Plead the Elements of Ark. Code Ann. § 28-73-802(b) in Order to State a Claim.

As set out fully in Appellants' Initial Brief, the district court erred in dismissing Counts 2, 3 and 4 of the Amended Complaint. (Initial Br. at 28-37). This error results from a misinterpretation of Arkansas Trust Code § 28-73-802 and a failure to follow the well-established law governing trusts. Like the district court's opinion, Fairshare also fails to provide any authority supporting the decision.

### 1.    The district court misinterpreted Ark. Code Ann. § 28-73-802.

In dismissing Counts 2, 3 and 4 of the amended complaint, the district court erroneously held that Appellants were required to plead the "requirements and conditions" set out in Ark. Code Ann. §28-73-802(b)(1)-(5). *See* Doc. 67 at 6. Without citing any case law or acknowledging the comments to section 802, the district court concluded "that subsection 802(c) allows a presumption of a conflict, but only *after* the requirements and conditions of subsection (b) are met…. Subsection 802(b) provides the *remedy* while Subsection 802(c) merely provides the *definition* of when there is a presumption of a conflict. Because Subsection 802(c) does not provide a remedy itself, Plaintiff cannot avoid the mandates of Subsection

1

802(b) and the Court declines to adopt Plaintiff's misstatement of Section 802." Doc. 67 at 6. Likewise, Fairshare concludes that the district court's ruling was correct without citing this Court to any case law supporting the decision.

As previously demonstrated in Appellants' Initial Brief, the district court's conclusion that subsection 802(b) provides the sole remedy for Appellants' claims and that no remedy exists under subsection 802(c) is simply incorrect. Voiding the conflicted transaction is an available remedy under both subsections. *Cf.* (Ark. Code Ann. § 28-73-802(b) cmt) with (Ark. Code Ann. § 28-73-802(c) cmt). Because this served as one of the primary bases for the district court's dismissal of Appellants' claims under subsection 802(c), the district court's decision was incorrectly decided and should be reversed.

> **2. The Arkansas Trust Code does not allow the Settlor's intent or the terms of the Trust to override Fairshare's duty to act fairly and in the interests of the beneficiaries.**

In reaching its decision that Appellants failed to state a claim by not pleading the requirements and conditions of Ark. Code Ann. § 28-73-802(b), the district court ignored uniform Trust law and other applicable provisions of the Arkansas Trust Code that warrant reaching a different conclusion. As the General Comment to Article 8 (Duties and Powers of Trustee) of the Uniform Trust Code provides:

> All of the provisions of this article may be overridden in the terms of the trust *except for* certain aspects of the trustee's duty to keep the beneficiaries informed of administration (see Section 105(b)(8)-(9)),

and ***the trustee's fundamental obligation to act in good faith, in accordance with the purposes of the trust, and for the benefit of the beneficiaries*** (see Section 105(b)(2)-(3)).

Uniform Trust Code Art. 8 general cmt (2003) (emphasis added).

If "[a]ll of the provisions" including the duty of loyalty contained in section 802 "may be overridden in the terms of the trust except for … the trustee's fundamental obligation to act in good faith, in accordance with the purposes of the trust, and for the benefit of the beneficiaries," then it stands to reason that Appellants could not be required to plead the "requirements and conditions of subsection [802](b)." *See id.* Forcing Appellants to plead the requirements of subsection 802(b) is futile and plainly unnecessary when a trustee always maintains a duty of good faith to the beneficiaries of a trust. The district court ignored this important point of law.

As explained in their Initial Brief at 32-33, further support for Appellants' position exists in the Arkansas Trust Code. Ark. Code Ann. § 28-73-105(b)(2)-(3) and § 28-73-814(a) always require an examination of the fairness and good faith of any transaction entered into by a trustee even when subsection 802(b) might suggest that an exception applies. Without offering any support for its position, Fairshare argues that subsections 105(b)(2)-(3) and 814(a) cannot apply here, because those provisions only apply to a trust's grant of absolute, sole or uncontrolled discretion to a trustee as opposed to specific grants of authority. (Answer Br. 42).

3

If adopted, this argument would render Ark. Code Ann. § 28-73-105(b)(2)-(3) and § 28-73-814(a) meaningless. Nothing in those sections of the Arkansas Trust Code limits their applicability to situations only involving absolute, sole or uncontrolled discretion by the trustee. Furthermore, Fairshare's argument is directly contrary to the common law cited in Appellants' Initial Brief at 33-37.

### 3. The common law does not contradict the Arkansas Trust Code.

The common law cited by Appellants in their Initial Brief at 33-37 supports the plain language of the Arkansas Trust Code. Fairshare contends that the *Roenne v. Miller* decision should be ignored, because the Arkansas Trust Code must be followed over the common law. 475 P.2d 708 (Kan. Ct. App. 2020); (Answer Br. at 40-41). Like Arkansas, Kansas (where *Roenne* was decided) has adopted the Uniform Trust Code. (Answer Br. at 35 n. 2).

In making the argument that Ark. Code Ann. § 28-73-802(b)(1) & (b)(4) cannot be overridden by the common law, Fairshare conveniently ignores relevant portions of the Arkansas Trust Code, namely Ark. Code Ann. § 28-73-105(b)(2)-(3) and § 28-73-814(a). These sections require that every transaction entered into by a trustee must be examined under a fairness and good faith standard even in the face of a subsection 802(b) exception. *Roenne* merely incorporates these important provisions of the Trust code into the common law. 475 P.2d at 716 (holding "the

4

terms of a trust cannot legally supersede the duties of a trustee to act in good faith and administer the trust for the benefit of the beneficiaries.") (citing § 105 and § 814 of the Kansas Uniform Trust Act).

### 4. An alternate ground for affirming dismissal of Counts 2-4 does not exist.

Fairshare contends that even if Appellants' interpretation of Ark. Code Ann. § 802(c) is correct, then an alternate ground would support the district court's dismissal of Counts 2-4 of the amended complaint. (Answer Br. at 43). This is not the case. Fairshare argues that it demonstrated that Fairshare and WVR are not affiliated entities, and that Appellants did not challenge this argument. *Id.* The record evidence does not support Fairshare's contention. Appellants offered evidence that the Program Fee charged by WVR is set by Wyndham Vacation Ownership ("WVO") employees working on behalf of WVR. (Doc. 105 at 8, ¶ 2). Appellants further established that WVO is the parent company of WVR. *Id.* Appellants also provided evidence that Fairshare "has no employees", "operates using office space owned by WVO" and "[a]ll of the members of Fairshare's Board of Directors are employees of WVO." *Id.* at 18 nn. 68-70. Count 6 of the amended complaint contains six examples of these affiliated transactions and Appellants argued these positions at summary judgment in support of its breach of fiduciary duty claim. (Doc. 45 at 17, ¶ 85(a)-(e)); (Doc. 105 at 22-25).

## B.    Count 5 of the Amended Complaint was Improperly Dismissed.

The district court disregarded Appellants' allegations in Count 5 of the amended complaint alleging that Fairshare and WVR violated Ark. Code Ann. § 1003 by profiting from the Trust's activities. Section 1003(a) provides "[a] trustee is accountable to an affected beneficiary for any profit made by the trustee arising from the administration of the trust, even absent a breach of trust." Fairshare attacks Appellants' amended complaint for lack of plausibility and pleading sufficiency. (Answer Br. at 44-45).

In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "This standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the claim," *Jackson v. JPay, Inc.*, 851 F. Appx 171, 172 (11th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Appellants' initial allegations regarding Count 5 were sufficient as evidenced by the proof offered by Appellants in opposition to summary judgment. (Initial Br. at 38-

39, 53-56). This evidence demonstrates that the district court erred in dismissing Count 5 at the initial pleading stage.

## II. THE DISTRICT COURT ERRED IN *SUA SPONTE* STRIKING THE SECOND AMENDED COMPLAINT.

### A. The District Court's Striking Order Constitutes an Abuse of Discretion.

Fairshare's Answer Brief mistakenly asserts that a trial court's inherent authority to manage its docket allows the court to *sua sponte* dismiss claims with prejudice without first finding that a party has engaged in a clear pattern of delay or willful contempt of a court's order *and* that a lesser sanction would not suffice. This Court's precedent is clear, a *sua sponte* dismissal with prejudice is an extreme sanction that is only allowed in response to willful conduct and when no other sanction will suffice. Without these findings, a *sua sponte* dismissal with prejudice is an abuse of discretion that requires reversal. This is so regardless of whether the court dismisses pursuant to its inherent authority or pursuant to a motion. Fairshare's Answer Brief provides no authority to the contrary.

Dismissal with prejudice is an extreme sanction that is not favored. *See Szanto v. Bistritz,* 743 F. App'x. 940, 942 (11th Cir. 2018). This Court has clearly defined the prerequisites that will support a trial court's *sua sponte* dismissal with prejudice:

> This much, however, is clear: a dismissal *with prejudice*, whether on motion or *sua sponte,* is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or

7

willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.

*Betty K Agencies v. M/V Monada,* 432 F.3d 1333 (11th Cir. 2005) (citing *World Thrust Films v. Int'l Family Entertainment, Inc.,* 41 F.3d 1454, 1456 (11th Cir. 1995)).[1] Further, the sanction of dismissal must be based on actual evidence demonstrating a pattern of willful conduct: "A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Effs v. City of Miami,* 2021 WL 6116643 (11th Cir. 2021) (citing *McKelvey v. AT & T Technologies, Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986).

Neither Fairshare's Answer Brief nor the district court's Striking Order offer any evidence of willful conduct by the Appellants. Indeed, the record in this case is devoid of any suggestion that Appellants' SAC was an attempt to willfully disobey the district court's order. Likewise, neither Fairshare's Answer Brief nor the district court's Striking Order offer any evidence that the district court even considered a lesser sanction. The district court incorrectly dismissed with prejudice Appellants' SAC without making the requisite findings that Appellants had demonstrated a

---

[1] *See also, Hosch v. Wachovia Bank, NA* 815 F. App'x. 352 (11th Cir. 2020) (same); *Francies v. Brandon,* 287 F. App'x. 69 (11th Cir. 2008) (same); *Mingo v. Sugar Cane Growers Co-Op of Florida,* 864 F.2d 101 (11th Cir. 1989) (same).

pattern of willful disobedience *and* that a lesser sanction would not do. Without both of these findings, the district court's Striking Order constitutes reversible error.

Confronted with a complete absence of evidence of a pattern of willful conduct and any consideration of a lesser sanction by the district court, Fairshare's Answer Brief does not even mention these requirements. Instead, Fairshare argues these standards do not apply because the district court's Striking Order was entered pursuant to the district court's authority to control its own docket. Fairshare suggests this authority exempts the district court from making a finding of a pattern of willful conduct and a consideration of a lesser sanction. This Court's decision in *Mingo v. Sugar Cane Growers Co-Op of Florida* demonstrates the fallacy of Fairshare's argument:

> The district court possesses the inherent authority to police its docket. Incident to this power, the judge may impose formal sanctions upon dilatory litigants. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice. Our cases announce the rule, however, that dismissal is warranted only upon a clear record of delay or willful contempt *and* a finding that lesser sanctions would not suffice.

864 F.2d 101, 102 (11th Cir. 1989) (emphasis supplied) (internal citations omitted).

*See also, Betty K,* 432 F.3d at 1337-1338 (holding whether on motion or *sua sponte,* dismissal is only proper upon a finding of both elements.). Therefore, it is of no consequence whether the district court was acting under Rule 41 or its authority to control its docket, either way the district court was required to explain in its Striking

Order the evidence supporting a finding of willful conduct of disobedience by the Appellants *and* detail its consideration of a lesser sanction. It did neither. Consequently, the Striking Order is contrary to the Court's precedent and must be reversed.

Fairshare also argues the district court's Striking Order is proper because a trial court's interpretation of its own order and decision to dismiss a complaint is entitled to great deference. (Answer Br. 33-35). However, the discretion afforded a trial court is not limitless, as noted above. In this case the district court's Striking Order is a clear abuse of discretion and reversal is required.

The primary cases relied on by Fairshare in its Answer Brief provide no justification for the district court's Striking Order. Fairshare cites *Smith v. School Bd. of Orange Cty.,* 487 F.3d 1361 (11th Cir. 2007), to support an argument that "Plaintiffs could have filed a motion seeking permission to bring their new claims in the Second Amended Complaint." (Answer Br. At 38). *Smith* is easily distinguishable from the present case. *Smith* did not involve a *sua sponte* dismissal with prejudice. The *Smith* Court was deciding a motion to amend a complaint. The plaintiff in *Smith* was at least afforded the opportunity to explain to the trial court why an amendment was necessary. Appellants in this case were not even given an opportunity to justify the SAC because the district court dismissed the SAC *sua sponte*. The *Smith* decision simply has no applicability to the current issues.

10

Equally inapplicable is Fairshare's reliance on *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313 (11th Cir. 2015). (Answer Br. 44). *Weiland* analyzed whether plaintiff's complaint was a shotgun pleading deserving of dismissal. *Weiland* offers no guidance regarding the prerequisites of a *sua sponte* dismissal with prejudice as set forth in *Szanto*, *Mingo*, *Betty K* and their progeny.

Fairshare relies on *Am. United Life Ins. Co. v. Martinez,* 480 F.3d 1043 (11th Cir. 2007) for the proposition that the prohibition on *sua sponte* dismissals does not apply where the plaintiff has already filed an amended complaint. Fairshare's reliance on *Martinez* is wholly misplaced. Like *Smith* and *Weiland, Martinez* does not address *sua sponte* dismissal. The trial court in *Martinez* offered the plaintiff "ample opportunity to respond, dismissing the claims in their Amended Complaint *without prejudice* and specifically giving them leave to file a Second Amended Ancillary Complaint…" *Martinez,* 490 F.3d at 1069. As explained throughout, Appellants in this case were not given *any* opportunity to respond to the district court's concerns regarding the SAC, because the district court dismissed the SAC without warning and with prejudice.

**B.    The District Court Erred in Striking Count 5 of the SAC.**

Appellants' Initial Brief provides a detailed comparison between Count 2 of the Amended Complaint and Count 5 of the SAC. The Initial Brief highlights the similarities between the two counts; both counts are based on § 802 and both counts

are based on the same management agreement. (Initial Br. 36-38). Moreover, six of the ten substantive paragraphs in Count 5 of the SAC were also in Count 2 of the Amended Complaint. (Initial Br. 37). Notably, Fairshare's Answer Brief provides no such similar analysis. Fairshare simply asserts that Count 5 of the SAC contained allegations not included in Count 2 of the Amended Complaint. Fairshare does not identify any substantive comparison of the two Counts performed by the district court in its Striking Order.

As explained in Appellants' Initial Brief, the revisions to Count 5 of the SAC were in response to the district court's directive to Appellants to set forth allegations that Fairshare violated § 802(b). Therefore, the district court's Motion to Dismiss Order necessitated Appellants allege additional facts. Count 5 of the SAC satisfied the district court's directive by specifying conduct not authorized by the Trust Agreement. Fairshare's Answer Brief points to differences between the two Counts; but Fairshare does not offer any explanation how Count 5 of the SAC actually violated the district court's directives to Appellants as contained in the district court's Motion to Dismiss Order.

## III.  THE DISTRICT COURT ERRED IN REFUSING TO CONSIDER EVIDENCE PERTINENT TO PENDING CLAIMS.

Far from "tacitly acknowledg[ing] the strength of the court's analysis" (Answer Br. 64), Appellants' Initial Brief demonstrates how the district court's

summary judgment order was irrevocably undermined by its express refusal to consider pertinent evidence. Just as they did in their Initial Brief, Appellants' summary judgment response presented this same evidence, explained the still pending claims that evidence related to, and argued why the district court's prior orders did not dictate entry of summary judgment, (Doc. 105 at 9-24). Fairshare surely understands this but chooses to ignore it. For sake of clarity Appellants repeat the gravamen of their argument again: the evidence expressly ignored by the district court related to and supported claims that remained pending at the summary judgment stage and the district court erred by disregarding it. Appellants' arguments as to this issue do not rely upon consideration of "new theories or claims" asserted in the stricken SAC,[2] but rather depend solely upon considering the undisputed evidence in support of the then-pending claims.

Notably absent from Fairshare's Answer Brief is any real engagement with the thrust of this argument. Rather, Fairshare primarily recounts the district court's expressed reasoning and faults Appellants for not seeking to undermine it as well. Answer Br. at 65-72. However, this proves Appellants' point: having expressly ignored Appellants' most pertinent evidence, of course summary judgment was

---

[2] To the extent the Court agrees the SAC should not have been stricken, as set forth above, this evidence would likewise be pertinent to those claims as well. However, the arguments set forth herein and in section III of the Initial Brief are not premised on the recognition of those stricken claims.

entered. In almost every case, if the non-movant's most probative evidence is disregarded, summary judgment is a forgone conclusion. So too here.[3]

Rather than grapple with Appellants' argument and extensive authority concerning the requirement to consider evidence that is supportive of existing claims (Initial Br. at 48-64)—as opposed to whether "new claims or theories" are raised in opposition to summary judgment—Fairshare simply labels the *evidence* as "new claims and theories" (Answer Br. at 73) and declares victory. That is insufficient and incorrect. Fairshare's other arguments are addressed in turn below.

First, Fairshare argues "Plaintiffs did not seek leave to present evidence in support of their disallowed claims and theories," and that the "district court should be afforded much deference in the interpretation of its prior orders." Answer Br. at 74. Yet, Fairshare cites no authority of any kind for the proposition that a party opposing summary judgment must "seek leave" to present evidence in opposition. Appellants are unaware of any such authority, and, from a policy perspective, such a process would be utterly inefficient. Rather, Rule 56(c) advises directly to the contrary, instructing non-movants to cite "to particular parts of materials in the

---

[3] Fairshare's argument that "Plaintiffs provided no expert testimony, no affidavits, and no deposition testimony other than their own unsupported allegations in opposing summary judgment," (Answer Br. at 65), is simply untrue. The facts Appellants marshalled were *uncontested*, drawn from the testimony of Fairshare's corporate representative and the financial audits it produced in discovery. *See, e.g.*, (Doc. 105 ¶¶ 5-9 & at pp. 18-22).

record" in order to establish that "a fact cannot be or is genuinely disputed." Fed. R. Civ. P. 56(c). Leave need not be sought nor given.

Likewise, whatever deference is due the district court in interpreting its prior order, such deference cannot overcome this Court's prior, repeated pronouncements that the "District Court *[must] consider all evidence in the record* when reviewing a motion for summary judgment…." *Strickland v. Norfolk S. Ry. Co*., 692 F.3d 1151, 1154 (11th Cir. 2012) (alteration in original) (emphasis added) (quoting *Tippens v. Celotex Corp*., 805 F.2d 949, 952 (11th Cir. 1986)).[4] Thus, assuming the district court was correct in striking the SAC—and, as noted above, it was not—it did not have the discretion to ignore Appellants' evidence as to the still pending claims.

Next, Fairshare argues that "Plaintiffs also did not argue to the district court that it was required to consider the evidence constituting their barred claims and theories for other purposes…." (Answer Br. at 74.) This is simply untrue. In their summary judgment response, Appellants presented the evidence at issue here, explained the still pending claims (cited by paragraph number and subpart) that evidence related to, and argued why the district court's prior orders did not dictate

---

[4] *See also, e.g.*, *Watkins v. Capital City Bank*, 711 F. App'x. 591, 592 (11th Cir. 2018) ("The district court must consider all evidence in the record when reviewing a motion for summary judgment . . . .") (citing *Strickland*, 692 F.3d at 1154); *Buckman v. Morris*, 736 F. App'x. 852, 853 (11th Cir. 2018) (same); *Ivory v. Warden, Governor of Alabama*, 600 F. App'x. 670, 677 (11th Cir. 2015) (same).

entry of summary judgment, (Doc. 105 at 9-24), just as they did in their Initial Brief here.

Having presented this uncontested evidence to the district court and argued how it related to pending claims, Appellants are at a loss as to Fairshare's argument that this "Court generally does not consider issues raised for the first time on appeal as these issues are not properly preserved for review." (Answer Br. at 74). These issues were expressly raised and explicitly (and repeatedly) ruled upon by the district court. *See* Doc. 143 at 14 n.8, 19 n.11, 20 n.12. Accordingly, Fairshare's reliance upon *Access Now Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) is inapposite. To whatever extent this Court disagrees, the second *Access Now* exception would apply, "the rule may be relaxed where the appellant raises an objection to an order which he had no opportunity to raise at the district court level." *Id*. at 1332. Appellants could not have known prior to the summary judgment order being issued that the district court would choose to expressly ignore relevant evidence, and thus Appellants could not have presented the precise precedent and argument found in their Initial Brief concerning why that failure was error.

Third, Fairshare states, "Plaintiffs speculated that Fairshare should have done more due diligence when approving budgets, but they have no knowledge and presented no evidence of the standard of care in the timeshare industry." (Answer Br. at 75). Again, this does not address the gravamen of the issue—is the district

court permitted to ignore pertinent evidence? The answer to that is clearly "No." Moreover, Arkansas law is plain that a fiduciary, like Fairshare, must "administer the trust as a prudent person would," and "shall exercise reasonable care, skill, and caution." Ark. Code Ann. § 28-73-804.[5] It does not require specialized, industry knowledge to establish that performing absolutely no due diligence or analysis of any kind concerning the very significant amounts Fairshare was rubber-stamping fails to meet any conceivable understanding of a "prudent person," "reasonable care, skill, and caution," much less the "punctilio of honor the most sensitive." At worst this was a question for the factfinder to determine.

Fourth, Fairshare asserts that "Plaintiffs failed to come forward with evidence regarding the purported unreasonableness of the fees." (Answer Br. at 76). Wrong again. It is undisputed that Fairshare charged, yearly, far more than needed to cover the expenses of the Trust, resulting in tremendous yearly surpluses (Initial Br. at 18, 38-39, 54-56), even ignoring the inflated amounts charged by WVR without oversight or analysis by Fairshare. The surplus alone supports the claim and was sufficient to overcome summary judgment.

---

[5] *See also Hardy v. Hardy*, 263 S.W.2d 690, 694 (Ark. 1954) (internal citations omitted) ("A trustee must act in good faith in the administration of the trust, and this requirement means that he must act honestly and with finest and undivided loyalty to the trust, not merely with that standard of honor required of men dealing at arm's length in the workaday world, but with a punctilio of honor the most sensitive.").

Fifth, Fairshare attempts to distinguish *Strickland* and its progeny by arguing "[n]one of these cases addresses a situation where the court expressly ruled that the claims and theories at issue were unavailable or barred, as the district court here ruled." (Answer Br. at 77). But, again, this misses the point—the issue is whether the district court was correct in ignoring pertinent evidence as it related to *pending* claims, not whether it permissibly struck "new claims and theories." *Strickland* and its progeny permit no discretion on this issue; the court "***must consider all evidence in the record*** when reviewing a motion for summary judgment…." *Strickland*, 692 F.3d at 1154. The district court here expressly refused to do so. This was abject error.

Ultimately, the crux of Fairshare's argument boils down to its mistaken assertion that if the evidence at issue could be considered for the pending claims, then the "Second Amended Complaint was altogether unnecessary." (Answer Br. at 77). But the chief intent of the SAC was to clarify and narrow the issues at play in this case, having, at long last, received a substantive ruling. While the evidence at issue in this appeal fits within the claims already alleged, more focused allegations with correspondingly more specific claims would have served to streamline class certification practice and trial. The district court—without notice of any kind—apparently disagreed. Thus, what was meant, at least in part, to clarify the specifics of the fiduciary violations at issue here has instead become a panacea for Fairshare: the new claims therein were stricken, and because the evidence illuminating some

18

of those new claims also supported the prior claims that evidence may be disregarded as to the prior claims too. Incorrect. If this were true, evidence uncovered in discovery would effectively be immunized from use where it might be supportive of alternative, proposed claims as well. That is not the law and Fairshare cites to no authority supporting such a view.

Certainly, several facts and related claims alleged in the SAC did not arguably fall within pending claims and that evidence was not asserted in opposition to summary judgement nor presented here. For instance, the SAC contained allegations concerning the "VIP" marketing program created by WVR, and Fairshare's reimbursement of expenses related thereto, despite the Management Agreement's express exclusion of reimbursement for marketing expenses. (Doc. 69 ¶¶ 22-24 & Counts 4-6). Yet, because that precise issue was arguably not within the pending claims, it was not pressed. Thus, Fairshare's argument in this regard is little more than a red herring.

As noted in the Initial Brief, the district court's own reasoning highlighted why the ignored evidence was indeed so pertinent.[6] Contrary to Fairshare's

---

[6] *See* Initial Br. at 51-52 (noting district court found that "if Plaintiffs could demonstrate that . . . Defendant-Trustee Fairshare's supervisory role as trustee was abdicated due to its interactions with WVR, the provision for WVR's role as Plan Manager in the terms of the Trust could not save Defendant-Trustee Fairshare," and Plaintiffs stating "that is precisely what Appellants' evidence showed: that Fairshare had utterly abdicated its role as Trustee. Fairshare functioned—self-admittedly—as

suggestions, the district court never analyzed, much less found, that the evidence was not relevant to the pending claims. It simply chose to ignore it.

Lastly, Fairshare reliance on *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312 (11th Cir. 2004) is misplaced. There, the plaintiff's complaint pled only tort claims, but in response to summary judgment she "asserted a new claim based on 'breach of duty' under contract law." *Id*. at 1314. This Court found:

> [Plaintiff] may not raise a contractual claim in her opposition to [defendant's] summary judgment motion. [Defendant] had no notice of a contract claim based on the tort claims set forth in the complaint. Liberal pleading does not require that, at the summary judgment stage, defendants must infer all possible claims that could arise out of facts set forth in the complaint. The proper procedure for [plaintiff] to assert a new contract claim was to seek to amend her complaint.

*Id*. at 1315.

Here, Appellants do not seek to add new claims in opposition to summary judgment; they only seek to have the Court consider evidence, already in the record, that was supportive of pending claims—disconnected from whether that same

---

no more than a rubber stamp to the amounts WVR proposed, charged, and passed along to Class Members to pay. Yet, the district expressly ignored that evidence."); Initial Br. at 55 (noting that district court had found "citing to the raw Trust balance itself tells the Court nothing about whether Defendant-Trustee Fairshare has gone too far" and Plaintiffs arguing that "Appellants provided just such evidence of 'going too far' and when retention became 'excessive,' but the district court expressly chose 'not to consider it'").

evidence might also support claims the district court otherwise did not permit. *Gilmour* is thus inapposite.

## CONCLUSION

For all the reasons set forth in Appellants' Initial Brief and this Reply, this Court should reverse the rulings appealed from and remand this case to the district court for further proceedings.

Dated: October 11, 2022                    Respectfully Submitted,


                                           */s/ John A. Yanchunis*
                                           John A. Yanchunis
                                           Patrick A. Barthle II
                                           MORGAN AND MORGAN
                                           201 N. Franklin Street, 7th Floor
                                           Tampa, Florida  33602
                                           Tel: (813) 202-7185
                                           Fax: (813) 222-4738

                                           Attorneys for Appellants

21

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 5(c) because, excluding the parts of the documents exempted by Fed. R. App. P. 32(f), this document contains 5,043 words.

Further, this document is proportionally spaced, has a typeface of 14 points and complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

*/s/ John A. Yanchunis*
John A. Yanchunis

Counsel for Appellants

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on October 11, 2022.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished using the appellate CM/ECF system.

/s/ John A. Yanchunis
John A. Yanchunis

Counsel for Appellant